92  397
153a 490

WILLIAM W. ARMSTRONG, as Receiver, etc., of GEORGE S. RILEY, Respondent, *v.* HECTOR McLEAN, Appellant, Impleaded with GEORGE S. RILEY.

*Equity — application of payments — several claims held by a creditor specially secured as to one of them — rights of other creditors as to the application of a general collateral held by him.*

Where a creditor, who holds certain securities specially pledged to secure a particular indebtedness, forecloses certain mortgages given to secure generally all the indebtedness of the same debtor to such creditor, a receiver, appointed in proceedings supplementary to executions, issued upon judgments in favor of other creditors against such debtor, may maintain an action to compel the creditor thus specially secured to apply the proceeds of the mortgage foreclosure sales *pro rata* upon all the indebtedness of the debtor to such creditor, including the particular indebtedness which is specially secured.

Where, however, the mortgage foreclosure results in a deficiency judgment the mortgagee is to the extent of such deficiency still a creditor of his debtor, and is entitled as such to share *pro rata* with other creditors in the excess that remains of the securities specially pledged after the payment of the particular indebtedness secured thereby.

APPEAL by the defendant, Hector McLean, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 11th day of May, 1895, upon the decision of the court rendered after a trial at the Monroe Equity Term.

*Cassius C. Davy,* for the appellant.

*J. E. Durand,* for the respondent.

BRADLEY, J. :

In proceedings supplementary to executions issued on several judgments amounting to upwards of $5,000, against George Riley, the plaintiff was appointed receiver of his property. The purpose of this action was to require the defendant to turn over to the plaintiff certain land contracts and a bond and mortgage assigned by Riley to the defendant to secure the payment of a certain indebtedness of Riley to the defendant of $3,636.41, or the proceeds of such securities in excess of the amount remaining unpaid of such indebtedness. The nominal value of those securities was $8,300. The

trial court found that the amount of that particular indebtedness had been reduced to $2,012.02, by the application which had been made thereon by operation of law of certain of the proceeds of a judicial sale of real property on foreclosure of mortgages given by Riley to secure all his indebtedness to the defendant, amounting to upwards of $40,000.

The foreclosure, by action, of those mortgages of Riley to the defendant, resulted in net proceeds of $19,411.36, and in a deficiency of $21,520.20, for which judgment was perfected in favor of the defendant against Riley. Those proceeds of the sale in that foreclosure action constituted 47.42 per cent of the total amount of the indebtedness of Riley to McLean, as found by the court, and the application therefrom of that percentage on the amount of that particular debt mentioned, of $3,636.41, with interest upon it, would reduce the debt to $2,012.02; and as the defendant had received from some of those securities an amount in excess of the last-mentioned sum, judgment was directed that the defendant pay to the plaintiff such excess, and hand over to him the residue of the securities so taken by the defendant for the payment of such debt.

Treating the mortgages foreclosed by the defendant's action as security for the payment of all the indebtedness of Riley to him, the other creditors of Riley could insist that the net proceeds of the sale should be applied *pro rata* on the several debts, the payment of which the mortgages were intended to secure. This, upon recognized equitable principles, is the general rule applicable to such cases, although it has no application to voluntary payments. And since such proposition must be deemed settled by judicial authority in this State, the reasons upon which it is founded need no special consideration on this review. (*Bridenbecker* v. *Lowell*, 32 Barb. 9; *Orleans County National Bank* v. *Moore*, 112 N. Y. 543.)

It is, therefore, assumed that the debt of $3,636.41 was, by the legal application upon it of sufficient of the proceeds of the mortgage foreclosure sale reduced to $2,012.20. But it does not follow that the plaintiff was entitled to the entire excess of that sum in the amount of the securities and the proceeds which the defendant had taken on account of that debt. It has been observed that the defendant had a judgment of upwards of $20,000 for deficiency against Riley. He was a judgment creditor of Riley to

that extent.   No reason appears why he as such judgment creditor should not beneficially share with the creditors represented by the plaintiff in the amount of such excess. His relation of judgment creditor places him in the same relation to it as that which they have through the receiver, and his equities are equal to theirs for aught that appears by the record here.   It would seem to follow that, on the principle before referred to, such excess should be applied *pro rata* on the judgments upon which the plaintiff's claim is founded, and that which the defendant recovered against Riley as to the amount of it remaining unpaid. ·

There is some evidence tending to prove that the defendant's judgment may have been reduced about $10,000 by the application of the surplus resulting from the foreclosure of a prior mortgage upon some of the property covered by one of the mortgages which was foreclosed in his action.   Whatever the fact is in that respect may be made to appear on another trial.

The view taken is that upon the evidence, undisputed, the plaintiff was not entitled to take from the defendant the entire amount of the securities first above mentioned in excess of that remaining unpaid upon the debt they were taken by the defendant to secure, but that, because the defendant was also a judgment creditor of Riley, he having them, was entitled to share *pro rata* with the plaintiff in the amount of such excess.

The judgment should, therefore, be reversed and a new trial granted, costs of this appeal to abide the final award of costs.

LEWIS and WARD, JJ., concurred.

Judgment reversed and a new trial granted, costs to abide the final award of costs.